IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09CV02151 -BNB**

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

JUAN ZAVALA,

    Applicant,

v.

RANDY DAVIS, ADX Warden, and
HARLEY LAPPIN, F.B.O.P. Director,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 9 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION, CONSTRUING
HABEAS ACTION AS *BIVENS* ACTION, AND
INSTRUCTING APPLICANT TO CURE DEFICIENCIES

---

Applicant, Juan Zavala, is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at ADX Florence. Mr. Zavala filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court, however, has determined that the action is deficient for reasons as described in this Order. Notwithstanding the deficiencies, the Clerk of the Court will be directed to commence a civil action. Any papers that Mr. Zavala files in response to this Order must include the civil action number on the Order.

The Court has reviewed the Application and finds that Mr. Zavala is asserting civil rights claims rather than habeas corpus claims. Mr. Zavala complains that prison staff continues to deny him food, water, recreation, and clothing and fails to protect him.

Mr. Zavala further asserts that he was transferred to the Florence facility in violation of his due process rights. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Even challenges to transfers from or to another prison facility are properly raised in *Bivens* actions. *See Huerta v. Hawk-Sawyer*, 16 Fed. Appx. 916, 918 (10th Cir. 2001) (unpublished).

Mr. Zavala will be directed to complete the proper, Court-approved form used for filing a Prisoner Complaint and submit the completed form to the Court if he wishes to pursue his claims. Mr. Zavala must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Zavala also will be required to submit to the Court a completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form. Otherwise, he will be required to pay the $350.00 filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the Clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

2

403 U.S. 388 (1971), rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Zavala shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Zavala, if he desires to proceed *in forma pauperis*, shall complete and file with the Court a Prisoner's Motion and Affidavit. In the alternative he may pay the $350.00 filing fee in full. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Zavala two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Zavala fails to comply with this Order, **within thirty days from the date of this Order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Zavala's claims until he has complied with this Order.

DATED at Denver, Colorado, this 4th day of September, 2009.

BY THE COURT:

*Boyd N. Boland*
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   09CV02151

Juan Zavala
Reg. No. 10296-045
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on 9/9/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk